Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the United States

Western District of Texas

Austin Division

Copperas Creek Houston
Toad Preserve
c/o Chris J. Parachini

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## A20 CV 0046 RP

Case No.

(to be filled in by the Clerk's Office)

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*
-v-

Copperas Creek Houston Toad Preserve
c/o Chris J. Parachini

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.     The Parties to This Complaint**

   **A.     The Plaintiff(s)**

      Provide the information below for each plaintiff named in the complaint. Attach additional pages if
      needed.

| | |
|---|---|
| Name | Copperas Creek Houston Toad Preserve |
| Street Address | 702 Norfolk Drive |
| City and County | Bastrop TX 78602 |

| State and Zip Code | *Texas  78602* |
| Telephone Number | *512-838-1341* |
| E-mail Address | *copperascreekpreserve@yahoo.com* |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| Name | *Bastrop County Court at Law* |
| Job or Title *(if known)* | *Bastrop County Judge Paul Pape* |
| Street Address | *804 Pecan Street* |
| City and County | *Bastrop, Bastrop* |
| State and Zip Code | *Texas  78602* |
| Telephone Number | *512-332-7201* |
| E-mail Address *(if known)* | *paul.pape@co.bastrop.tx.us* |

Defendant No. 2

| Name | *Horizon Environmental Services* |
| Job or Title *(if known)* | *Co-founder Lee Sherrod* |
| Street Address | *1303 S. Interstate 35* |
| City and County | *Austin TX 78741* |
| State and Zip Code | *Texas  78741* |
| Telephone Number | *512-328-2430* |
| E-mail Address *(if known)* | *lee-sherrod@horizon-esi.com* |

Defendant No. 3

| Name | *Langford Community Management Services* |
| Job or Title *(if known)* | *Tradgin Langford (Judy Langford)* |
| Street Address | *2900 CR 145* |
| City and County | *Leander* |
| State and Zip Code | *Texas, 78641* |
| Telephone Number | *512 452 0432* |
| E-mail Address *(if known)* | *judy@lcmsinc.com* |

Defendant No. 4

| Name | *US Fish and Wildlife* |
| Job or Title *(if known)* | *Jeff Hill  Biologist* |
| Street Address | *17629 El Camino Real Ste. 211* |
| City and County | *Houston Tex.* |
| State and Zip Code | *Texas 77058* |
| Telephone Number | *281-286-8282 ext 241* |
| E-mail Address *(if known)* | *jeffery-hill@fws.gov* |

*See attachment for additional defendants*

**II.    Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of

another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

| | ✓ | Federal question | | Diversity of citizenship |
|---|---|---|---|---|

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Violation of the endangered species Act
The 5th and 14th Amendments of the Constitution

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**    See attachment

    1.    The Plaintiff(s)

        a.    If the plaintiff is an individual

| The plaintiff,  *(name)* | | , is a citizen of the |
|---|---|---|
| State of *(name)* | | . |

        b.    If the plaintiff is a corporation

| The plaintiff,  *(name)* | | , is incorporated |
|---|---|---|
| under the laws of the State of *(name)* | | , |
| and has its principal place of business in the State of *(name)* | | |
| | . | |

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.    The Defendant(s)

        a.    If the defendant is an individual

| The defendant,  *(name)* | | , is a citizen of |
|---|---|---|
| the State of *(name)* | | . Or is a citizen of |
| *(foreign nation)* | | . |

        b.    If the defendant is a corporation

| The defendant,  *(name)* | | , is incorporated under |
|---|---|---|
| the laws of the State of *(name)* | | , and has its |
| principal place of business in the State of *(name)* | | . |
| Or is incorporated under the laws of *(foreign nation)* | | , |
| and has its principal place of business in *(name)* | | . |

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

**III.**    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

From September 2017 until the present

B.    What date and approximate time did the events giving rise to your claim(s) occur?

From September 2017 to the present

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what?*
*Was anyone else involved? Who else saw what happened?)*

see attachment

**IV.**    **Irreparable Injury**

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

see attachment

**V.**    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal

arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

We ask for stay of execution regarding earnest domain of Coppers Creek Houston Toad Preserr We ask for a temporary restraining order against Bastrop County at Law Petition For Condemnation citation Cause #19-20028 We ask for an injunction in said citation and review by Federal Judiciary of Complaint    — see attachment

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

| Date of signing: | 1/15 2020 |
| --- | --- |
| Signature of Plaintiff | |
| Printed Name of Plaintiff | Chris J. Parachini |

### B.   For Attorneys

| Date of signing: | |
| --- | --- |
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | N/A |
| Name of Law Firm | |
| Street Address | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |

Page of 4

Attachment of Additional Defendants

USACE SFW
U.S. Army Corps of Engineers
Fort Worth District
819 Taylor Street
Fort Worth, TX 76102
Jimmy Barrera (817) 886-1729
James.e.barrera@usace.army.mil

Meredith Longoria, Certified Wildlife Biologist®
Acting Program Leader / Conservation Initiatives Specialist
Nongame and Rare Species Program
Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas 78744
Office 512-389-4410
Mobile 512-796-0197
meredith.longoria@tpwd.texas.gov

Texas General Land Office
Joshua Jackson Grant Coordinator
PO Box 12873
Austin, Texas 78711-2873
512-475-5038
joshua.jackson@glo.texas.gov

HUD
Zach Carter
Field Environmental Officer

(415) 489-6621    zach.r.carter@hud.gov

(817) 978-5835

801 Cherry St. Rm 2862

FW Texas 76102

# IN THE UNITED STATES WESTERN DISTRICT OF TEXAS

Application for A Pro Se (Rev. 12/16) Complaint and Request for Injunction

To the Honorable Judge of the United States Western District Of Texas,

Comes, Chris Joseph Parachini, the president of The Copperas Creek Houston Toad Preserve, and we are a 501 (3) (c) non-profit; we are a designated category D31, for the protection of Endangered Species; specifically to "RESEARCH AND PRESERVE THE HOUSTON TOAD;" and has filed a Complaint and Request for Injunction;

1.   We need to stop an eminent domain proceeding, from being pursued through a Bastrop County Court AT LAW PETITION FOR CONDEMNATION, CITATION CAUSE #19-20028, against the COPPERAS CREEK HOUSTON TOAD PRESERVE;

2.  This action being brought against the COPPERAS CREEK HOUSTON TOAD PRESERVE by BASTROP COUNTY, represented by Mylan Shaunfield, Of SHEETS & CROSSFIELD PLLC, 309 East Main Street, Round Rock, TX 78664

3.   As Bastrop County desires to execute EMINENT DOMAIN, to acquire .4655 Acres of the Copperas Creek Houston Toad Preserve, currently containing only 5.017 acres, which will reduce the Preserve below the required minimum acreage, to receive a WILDLIFE EXEMPTION currently existing;

4.  As well as threaten the COPPERAS CREEK HOUSTON TOAD PRESERVE's participation, and receipt of benefits, to being an active participant in the FEDERALLY FUNDED HOUSTON TOAD PROTECTION PROGRAM CALLED THE LOST PINES HABITAT CONSERVATION PLAN;

5. We ask the HONORABLE FEDERAL JUDGE TO HEAR OUR PLEAS AND GRANT A TEMPORARY RESTRAINING ORDER;

6. To review and explore, the numerous facts, regarding the conflicts of interest, by the creators of the Lost Pines Habitat Conservation Plan, and the developers of the proposed Tahitian Village Ingress/Egress Road, many being the same corporations, or individuals, appearing to have created the plan to circumvent the Endangered Species Act;

7. In addition to loss of grants, and financial aid, for ineligibility to participate in the LPHCP, we will also loose our Wildlife Property Tax Exemption;

8. This is counterproductive to six years of our hard earned progress(

9. We are also requesting a Federal Judge to review the mismanagement of Bastrop County Public Officials implementation of their planned Tahitian Village Ingress / Egress, including:  falsifying Alternative Route Data and Options; using out-dated Hydrologic and Hydraulic Studies (the most recent being decades old); failing to conduct actual biological surveys, in a Preserve participating in a Federally funded program to protect the Houston Toad;

10. Instead of actually conducting real studies, Bastrop County relied on hiring  the actual consultants, who created the Lost Pines Habitat Conservation Plan, to sign off on the Tahitian Village Ingress / Egress Plan, for personal gain; including Beckett, Forstner, Apelt, and Sherrod, essentially rigging the game, by creating the protection "Plan," so they could find a way to circumvent the Endangered Species Act, and misuse TAX PAYER MONEY FROM HUD, TO PAY FOR INFRASTRUCTURE FOR APELT CORPORATION;

11. As privileged members of the Bastrop County Government, and Community, gained insider information about the proposed Apelt development, and infrastructure, they lined up to purchase property along the proposed new roads, or in the proximity, including the

Bastrop County Treasurer, Laura Ingram;

12. Literally, the person signing the checks to private contractors, whom violated the Parachini Family's Constitutional Rights, was setting herself up to personally benefit from insider knowledge of the Ingress / Egress Plan (purchasing land in both Phase 1 and Phase 2 areas, near Squirrel Run and the Colovista developments);

13. All the while, these folks were using their politically empowered positions to enrich themselves, or their benefactors, they refused to comply with the Parachini's Open Records Request Of October 23, 2017–until the following year, because they feared the public would find out about their misuse of public funds for their personal gain;

14. The Bastrop County Government conducted land surveys, and archeological surveys on Copperas Creek Houston Toad Preserve without permission;

15. The Bastrop District Attorney's Office made false claims in a letter, to the Texas Attorney General Office, to have offered two acres of land to the Copperas Creek Houston Toad Preserve, that did not belong to Bastrop County; this offer was never actually made to the Copperas Creek Houston Toad Preserve;

16. Bastrop County Judge Paul Pape hired Christine Files, the attorney, who originally created the Copperas Creek Houston Toad Preserve;

17. We pray a Federal Judiciary will hear our pleas, to explore the relationships between the creators of the LPHCP, and the Ingress / Egress, both Phase 1 and Phase 2; and those providing infrastructure for the Apelt Corporation, with HUD public funds;

18. We beg the Federal Judiciary, in its Supreme Wisdom, to hear the pleas of the Parachini Family, here to protect the Copperas Creek Houston Toad Preserve, and analyze the abuses we have experienced by the Bastrop County Government, and their agents, both private contractors, and public officials;

As servants of the Lord, we beg to present our case before a Federal Judiciary, and ask you to consider our request;

Chris Joseph Parachini

President Of The Copperas Creek Houston Toad Preserve

102 Norfolk Drive

Bastrop, Texas 78602

512-838-1361

# AFFIDAVIT OF CHRIS JOSEPH PARACHINI

State of Texas
County of _Bastrop_

BEFORE ME, the undersigned authority, this day personally appeared CHRIS JOSEPH PARACHINI, who after being by me duly sworn, an oath deposed and says:

1. I am over the age of 18, and am a resident of the State of Texas; I have personal knowledge of the facts herein, and if called as a witness, could testify completely thereto;

2. I suffer no legal disabilities and have personal knowledge of the facts set forth below;

3. Comes, Chris Joseph Parachini, the president of The Copperas Creek Houston Toad Preserve, and we are a 501 (3) (c) non-profit; we are a designated category D31, for the protection of Endangered Species; specifically to "RESEARCH AND PRESERVE THE HOUSTON TOAD;" and has filed an application for **ORDER TO REVIEW COMPLAINT AND INJUNCTION TO BASTROP COUNTY COURT AT LAW PETITION FOR CONDEMNATION CAUSE #**19-20028

4. We need to stop an eminent domain proceeding, from being pursued through a Bastrop County Court AT LAW PETITION FOR CONDEMNATION, CITATION CAUSE #19-20028, against the COPPERAS CREEK HOUSTON TOAD PRESERVE;

5. This action being brought against the COPPERAS CREEK HOUSTON TOAD PRESERVE by BASTROP COUNTY, represented by Mylan

Shaunfield, Of SHEETS & CROSSFIELD PLLC, 309 East Main Street, Round Rock, TX 78664

6.  As Bastrop County desires to institute EMINENT DOMAIN, to acquire .4655 Acres of the Copperas Creek Houston Toad Preserve, currently containing only 5.017 acres, which will reduce the Preserve below the required minimum acreage, to receive a WILDLIFE EXEMPTION currently existing;

7.  As well as threaten the COPPERAS CREEK HOUSTON TOAD PRESERVE's participation, and receipt of benefits, to being an active participant in the FEDERALLY FUNDED HOUSTON TOAD PROTECTION PROGRAM CALLED THE LOST PINES HABITAT CONSERVATION PLAN;

8.  We ask the HONORABLE FEDERAL JUDGE TO HEAR OUR PLEAS AND **REVIEW COMPLAINT AND ORDER AN INJUNCTION TO BASTROP COUNTY COURT AT LAW PETITION FOR CONDEMNATION CAUSE #**19-20028;

9.  To review and explore, the numerous facts, regarding the conflicts of interest, by the creators of the Lost Pines Habitat Conservation Plan, and the developers of the proposed Tahitian Village Ingress/Egress Road, many being the same corporations, or individuals, appearing to have created the plan to circumvent the Endangered Species Act;

10.  In addition to loss of grants, and financial aid, for ineligibility to participate in the LPHCP, we will also loose our Wildlife Property Tax Exemption;

11.  This is counterproductive to six years of our hard earned progress(

12.  We are also requesting a Federal Judge to review the mismanagement of Bastrop County Public Officials implementation of their planned Tahitian Village Ingress / Egress, including:  falsifying Alternative Route Data and Options; using out-dated Hydrologic and

Hydraulic Studies (the most recent being decades old); failing to conduct actual biological surveys, in a Preserve participating in a Federally funded program to protect the Houston Toad;

13.  Instead of actually conducting real studies, Bastrop County relied on hiring  the actual consultants, who created the Lost Pines Habitat Conservation Plan, to sign off on the Tahitian Village Ingress / Egress Plan, for personal gain; including Beckett, Forstner, Apelt, and Sherrod, essentially rigging the game, by creating the protection "Plan," so they could find a way to circumvent the Endangered Species Act, and misuse TAX PAYER MONEY FROM HUD, TO PAY FOR INFRASTRUCTURE FOR APELT CORPORATION;

14.  As privileged members of the Bastrop County Government, and Community, gained insider information about the proposed Apelt development, and infrastructure, they lined up to purchase property along the proposed new roads, or in the proximity, including the Bastrop County Treasurer, Laura Ingram;

15.  Literally, the person signing the checks to private contractors, whom violated the Parachini Family's Constitutional Rights, was setting herself up to personally benefit from insider knowledge of the Ingress / Egress Plan (purchasing land in both Phase 1 and Phase 2 areas, near Squirrel Run and the Colovista developments);

16.  All the while, these folks were using their politically empowered positions to enrich themselves, or their benefactors, they refused to comply with the Parachini's Open Records Request Of October 23, 2017–until the following year, because they feared the public would find out about their misuse of public funds for their personal gain;

17.  We pray a Federal Judiciary will hear our pleas, to explore the relationships between the creators of the LPHCP, and the Ingress / Egress, both Phase 1 and Phase 2; and those providing infrastructure

for the Apelt Corporation, with HUD public funds;

18. We beg the Federal Judiciary, in its Supreme Wisdom, to hear the pleas of the Parachini Family, here to protect the Copperas Creek Houston Toad Preserve, and grant for the time analyze the abuses we have experienced by the Bastrop County Government, and their agents, both private contractors, and public officials;

As servants of the Lord, we beg for time to present our case before a Federal Judiciary, and ask you consider our request;

I declare under the penalty of perjury that the foregoing is true and correct,

Executed this _15_ day of _January_, 2020.

Chris Joseph Parachini

## NOTARY ACKNOWLEDGEMENT

STATE OF TEXAS, COUNTY OF BASTROP, ss:

This Affidavit was acknowledged before me on this _15_ day of _January_,
_2020_ by _Chris Parachini_ who, being first duly sworn on oath according to law, deposes and
says that he/she has read the foregoing Affidavit subscribed by him/her, and that the matters stated
herein are true to the best of his/her information, knowledge and belief.



Notary Public

LAURIE BANTA
NOTARY PUBLIC
STATE OF TEXAS
ID # 13148025-3
My Comm. Expires 03-07-2022

Loan Assistant
Title (and Rank)

My commission expires _3-7-2022_

January 13, 2020

To the Bastrop County Commissioners Court,

As a humble servant of the Lord, I pray our Lord, transcribe the thoughts in my head, to the actions of my hands, and with this charge, put those words, onto this document, and articulate with my mouth, this work illuminated:

This is our Letter Of Intent To File A Federal Lawsuit Against:

1.  The Bastrop County Commissioners Court
2.  Their Private Contractors Involved In Violating Our Constitutional Rights, and Illegal Harassment Campaign Against Our Family, and or, The Copperas Creek Houston Toad Preserve
3.  The Texas General Land Office
4.  The Texas Department Of Parks and Wildlife
5.  US Fish and Wildlife Service
6.  The US Department Of Housing and Urban Development
7.  US Army Corp Of Engineers

I am the president of The Copperas Creek Houston Toad Preserve, and we are a 501 (3) (c) non-profit; we are a designated category D31;

We began the process of creating our Preserve in 2014, by inviting various members of the federal, state, and county governments to our property on Copperas Creek, to advise us through the process of creating a non-profit participant in The Lost Pines Conservation Plan;

Through this process, The Copperas Creek Houston Toad Preserve has been advised, or visited by Jeff Hill, Meredith Longoria, and in communications with Dr. Mike Fornster, as well yourself;

Our vision for the creation of The Copperas Creek Houston Toad Preserve was based upon the same inspiration for Stephen F. Austin, who upon traveling down the El Camino Real, discovered Copperas Creek's beauty for himself, and claimed this bubbling spring fed stream, as part of his original land grant claim;

We have begun communicating with several other non-profit groups and Masonic Lodges for funding to begin planning a memorial and educational center to house a large collection of local artifacts and information about the Father of Texas, Stephen F. Austin, and the original inhabitants of the area;

The fact that we had an endangered species living on this never before developed property, made this crystal clear stream an even more special place that we decided Copperas Creek needed to be protected from development;

And as was told to us by the above named Houston Toad professionals, The Copperas Creek Watershed is probably the most important ecosystem for the "natural" movement of adolescent Houston Toads reintroducing their species back into their natural habitat after the destruction of the Bastrop Complex Fire;

This being due to the Copperas Creek Watershed being the lowest point of gravity, after which the Houston Toads hatch and begin to move—to

expand downward toward the Colorado River and back into the areas from which the Complex Fire scorched them out of;

By creating a protected area along Copperas Creek, 3 miles from from their documented known existence in the Bastrop State Park, to the Colorado River, we will assist with the natural survival of the endangered Houston Toad;

As a non-profit participant in the Lost Pines Habitat Conservation Plan, having 5.07 acres, we cannot give up any of our property, for eminent domain, and subdivision development, or we will no longer be eligible to participate in the federally recognized Endangered Species Protection Plan, because we will be below the minimum 5 acre requirement;

In addition to loss of grants, and financial aid, for ineligibility to participate in the LPHCP, we will also loose our Wildlife Property Tax Exemption;

This is counterproductive to six years of our hard earned progress;

We are also requesting a Federal Judge to review the mismanagement of Bastrop County Public Officials implementation of their planned Tahitian Village Ingress / Egress, including:  falsifying Alternative Route Data and Options; using out-dated Hydrologic and Hydraulic Studies (the most recent being decades old); failing to conduct actual biological surveys, in a Preserve participating in a Federally funded program to protect the Houston Toad;

 (Instead of actually conducting real studies, Bastrop County relied on hiring  the actual consultants, who created the Lost Pines Habitat Conservation Plan, to sign off on the Tahitian Village Ingress / Egress Plan,

for personal gain; including Beckett, Forstner, Apelt, and Sherrod, essentially rigging the game, by creating the protection "Plan," so they could find a way to circumvent the Endangered Species Act, and misuse TAX PAYER MONEY FROM HUD, TO PAY FOR INFRASTRUCTURE FOR APELT CORPORATION;)

As privileged members of the Bastrop County Government, and Community, gained insider information about the proposed Apelt development, and infrastructure, they lined up to purchase property along the proposed new roads, or in the proximity, including the Bastrop County Treasurer, Laura Ingram;

Literally, the person signing the checks to private contractors, whom violated the Parachini Family's Constitutional Rights, was setting herself up to personally benefit from insider knowledge of the Ingress / Egress Plan (purchasing land in both Phase 1 and Phase 2 areas, near Squirrel Run and the Colovista developments);

All the while these folks were using their politically empowered positions to enrich themselves, or their benefactors, they refused to comply with the Parachini's Open Records Request Of October 23, 2017–until the following year, because they feared the public would find out about their misuse of public funds for their personal gain;

We pray a Federal Judiciary will hear our pleas, to explore the relationships between the creators of the LPHCP, and the Ingress / Egress, both Phase 1 and Phase 2; and those providing infrastructure for the Apelt Corporation, with HUD public funds;

We beg the Federal Judiciary, in its Supreme Wisdom, to hear the pleas of

the Parachini Family, and analyze the abuses we have experienced by the Bastrop County Government, and their agents, both private contractors, and public officials;

In God We Trust,

Chris Joseph Parachini
102 Norfolk Drive
Bastrop, Texas 78602
512-838-1361