IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COPPERAS CREEK HOUSTON TOAD PRESERVE, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-046-RP |
| JUDGE PAUL POPE, et al., | § § § | |
| Defendants. | § § § | |

## **ORDER**

On January 21, 2020, this Court issued an order denying Plaintiff Copperas Creek Houston Toad Preserve's ("Plaintiff") Motion for Temporary Restraining Order, (Dkt. 4). (Order, Dkt. 6). The Court set the case for a preliminary injunction hearing on January 31, 2020, and noted that Plaintiff would not be permitted to appear at that hearing pro se. (*Id.* at 3). At the hearing, Plaintiff asked for additional time to hire a lawyer and moved for a continuance. The Court granted Plaintiff a continuance and reset the preliminary injunction hearing for February 12, 2020. (Order, Dkt. 9).

Plaintiff once more appeared at the scheduled hearing pro se and requested additional time to retain counsel. (Minute Entry, Dkt. 10, at 1). The Court granted Plaintiff additional time and ordered a status report within 30 days. (*Id.*). Plaintiff did not file a status report and took no other action to prosecute this case.

The Court then ordered Plaintiff to show cause in writing on or before July 28, 2020 as to why its claims against Defendants should not be dismissed for failure to appear through licensed counsel. (Order, Dkt. 14, at 1–2). To date, Plaintiff has not done so.

Although individual plaintiffs have the right to proceed pro se, nonprofits are entities and can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d

1

1004, 1005 (5th Cir.1984) (per curiam); *see also Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (noting that it is "a well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney"). When an entity declines to hire counsel to represent it, the Court may dismiss its claims if it is a plaintiff or strike its defenses if it is a defendant. *See Memon*, 385 F.3d at 874. The Court has given Plaintiff ample opportunity to hire counsel and Plaintiff has not done so. Moreover, Plaintiff failed to respond to the Court's order to show cause. (*See* Order, Dkt. 14).

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** for failure to comply with the Court's order to obtain licensed counsel. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Memon*, 385 F.3d at 874.

**SIGNED** on August 31, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE